UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 08-CV-61664 - Martinez-Brown

TELTECH SYSTEMS, INC.,
WONDERLAND RENTALS,
INC., AND MEIR COHEN

      Plaintiffs,

v.

BILL MCCOLLUM, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL
OF THE STATE OF FLORIDA;
MICHAEL J. SATZ, IN HIS OFFICIAL
CAPACITY AS STATE ATTORNEY
FOR THE 17TH JUDICIAL CIRCUIT IN
BROWARD COUNTY, FLORIDA; AND
THE STATE OF FLORIDA

      Defendants.
_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants filed a cursory motion for summary judgment (the "Motion") on May 11, 2009. In that Motion, they argued that:[1]

> "2.  As to AG McCollum, Plaintiff fails to state a claim upon which relief can be granted.
> 3.  As to SA Satz, the provisions of § 817.487, Fla. Stat. [the Florida Caller ID Anti-Spoofing Act], are constitutional in all respects."[2]

---

[1] The Defendants also argue that "[a]s to the State of Florida, the Eleventh Amendment bars this action." This point is moot. In the interests of judicial economy, Plaintiffs months ago consented to the dismissal of the State of Florida as a defendant. Opposition to Defendants' Motion to Dismiss [DE 25] at 1.

[2] Id at 1.

The Defendants' supporting Memorandum of Points and Authorities is even more cursory; it reads in its entirety:

> In support of their motion, Defendants adopt as if set forth herein the arguments and authorities set forth in their Motion to Dismiss [DE 12], Motion to Dismiss Amended Complaint [DE 17] and the reply [DE 27] and their Response in Opposition to Plaintiffs' Motion for Preliminary Injunction [DE 34].

### THE DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON ANY OF THE CLAIMS

The Motion is procedurally defective and should be denied because Defendants did not include the necessary statement of material facts as to which the Defendants contend there is no genuine issue. Fed. R. Civ. P. 56; Local Rule 7.5(A). If the Court nonetheless considers the merits, it must deny the Motion.

To prevail on a summary judgment motion in this circuit, the Defendants must establish that the pleadings, depositions, and discovery on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). While there is no genuine issue as to any material fact in this case, the record establishes that the Plaintiffs, not the Defendants, are entitled to judgment as a matter of law.

#### A. The Attorney General is A Proper Defendant in this Action

There is no basis to grant the Defendants' motion for summary judgment as to inclusion of the Attorney General as a Defendant. In the Motion to Dismiss Amended Complaint and Memorandum in Support Thereof [DE 17] ("Memorandum in Support") and the Reply [DE 27] upon which they rely by reference, the Defendants claimed that no case or controversy exists between the Plaintiffs and Defendant McCollum and he should be dismissed as a Defendant

because under Florida law the Attorney General's participation in a declaratory judgment action challenging the constitutionality of a state statute is entirely voluntary. Memorandum in Support at 9. To support this position, the Memorandum in Support cited more than a dozen cases involving constitutional challenges to *civil statutes* in Florida and other states. Id. at 3-9. The Memorandum in Support did not, however, cite a single case holding that the Attorney General is not a proper defendant in a case involving a constitutional challenge to a Florida *criminal statute*.

The Defendants' own arguments demonstrate that they are not entitled to summary judgment. They have conceded that:

> When the constitutionality of a statute is being challenged, the proper party defendant is the state agency or official charged with enforcing the statute. *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *ACLU v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993). It is essential that the party defendant in a declaratory action be the party whose interests will be affected by the decree. *Retail Liquor Dealers v. Dade County*, 100 So.2d 76 (Fla. 3d DCA 1958).

Memorandum in Support at 5.

In cases involving the criminal statutes of the state of Florida, "the state agency or official charged with enforcing the statute" is ultimately the Attorney General. He is also the party whose interests will be affected by the decree in a declaratory judgment action involving a criminal statute such as the Anti-Spoofing Act. In this particular case, the statewide prosecutor, a branch of the Attorney General's office created by the Florida Constitution, shares direct prosecutorial responsibility for enforcement of the Anti-Spoofing Act. Specifically, Article IV, Section 4(b) of the Florida Constitution states:

> (b) The attorney general shall be the chief state legal officer. There is created in the office of the attorney general the position of statewide prosecutor. The statewide prosecutor shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is

>affecting or has affected two or more judicial circuits as provided by general law.
>. . .

The powers and jurisdiction of the statewide prosecutor are set out in more detail in Section 16.56 of the Florida Statutes. That section gives the prosecutor power to, among other things, "(a) Investigate and prosecute the offenses of . . . [a]ny crime involving, or resulting in, fraud or deceit upon any person; . . ." The crimes created by the Anti-Spoofing Act, which involve fraud or deceit upon persons, thus fall under the statewide prosecutor's jurisdiction. The Attorney General, as the ultimate superior of the statewide prosecutor, is inarguably "the state agency or official charged with enforcing the statute."

The state attorneys of the various circuits, including Defendant Satz, share with the statewide prosecutor the front line prosecutorial responsibility for enforcing Florida's criminal statutes. The Attorney General is charged by state law with supervising and directing the activities of these state attorneys. The scope of the Attorney General's responsibilities in this area is set forth in Section 16.08 of the Florida Statutes, which provides:

>**Superintendence and direction of state attorneys.**--The Attorney General shall exercise a general superintendence and direction over the several state attorneys of the several circuits as to the manner of discharging their respective duties, and whenever requested by the state attorneys, shall give them her or his opinion upon any question of law.

Again, the Attorney General, given his general superintendence and direction over the activities if the state attorneys, is ultimately "the state agency or official charged with enforcing" the Anti-Spoofing Act.

Common sense reinforces the conclusions drawn from analysis of the constitutional and statutory language. If the Attorney General is not ultimately "the state agency or official charged with enforcing" the Anti-Spoofing Act, then no single state agency or official is

charged with that responsibility. If the Attorney General is dismissed as a defendant, then the Court's decision in this case will have no effect beyond the office of Defendant Satz. The Attorney General and all his other subordinate state attorneys will remain free to selectively prosecute Plaintiffs and others under an unconstitutional statute, and Plaintiffs and others will remain at risk. Under the Attorney General's theory, the Plaintiffs would have to bring separate cases against every state attorney (and potentially any other state official with prosecutorial power under the Anti-Spoofing Act) in order to obtain relief.

The Attorney General cannot hide from the fact that he is ultimately "the state agency or official charged with enforcing" the Anti-Spoofing Act. The Motion should be denied insofar as it seeks summary judgment on the ground that the Attorney General is not properly a defendant in this case.

### B. The Defendants Have Not Demonstrated That the Act is Constitutional

The Defendants' arguments as to the constitutionality of the Anti-Spoofing Act are set forth in their March 2, 2009 Response in Opposition to Plaintiffs' Motion for Preliminary Injunction [DE 34] ("PI Response").

#### i) **The First Amendment Claims**

The Plaintiffs have demonstrated that content-based restrictions such as the Act's caller ID spoofing ban are subject to strict scrutiny by the courts and can be upheld only when they are justified by compelling governmental interests and are "narrowly tailored" to effectuate those interests. Memorandum of Law In Support of Motion for Summary Judgment at 3-4. The Defendants' cursory analysis of the First Amendment issues ignores this governing law. PI Response at 5-7, 8-9 and 10-11. Defendants have not identified any compelling governmental interest that could justify the sweeping ban of the Anti-Spoofing Act, nor do they even make an

attempt to argue that the Act's restrictions are in any way narrowly tailored. Rather, they create out of whole cloth a new category of speech for purposes of First Amendment analysis - "deceptive commercial speech with little or no societal value." Id. at 9 and 11. They rely on dicta from *R.A.V. v. St. Paul* to claim disingenuously that "[t]he Supreme Court has allowed regulation of [such] speech . . . ." Id. at 9. In fact, the Supreme Court in *R.A.V. v. St. Paul* specifically noted that "our society, like other free but civilized societies, has permitted restrictions upon the content of speech in a few limited areas," and it identified those traditional areas as obscenity, defamation and "fighting words." 505 U.S. 370, 382-383 (1982).

"[D]eceptive commercial speech with little or no societal value" is not a category of speech identified in *R.A.V. v. St. Paul* or any other Supreme Court First Amendment case. Moreover, caller ID spoofing is not included in, or in any way similar to, any of the categories recognized by the Court in *R.A.V. v. St. Paul*. Therefore, the Anti-Spoofing Act is subject to the standard First Amendment strict scrutiny analysis, and the Plaintiffs have demonstrated that under that analysis they are entitled to summary judgment.

The Defendants have also completely failed to address the Plaintiffs' claim that the Anti-Spoofing Act is unconstitutionally overbroad. The Defendants' silence on this claim only serves to emphasize the strength of the Plaintiffs' argument. Plaintiffs have already shown that they are entitled to summary judgment on this claim also. See Memorandum of Law In Support of Motion for Summary Judgment at 5-7.

The Defendants also superficially addressed the Plaintiffs' claim that the Anti-Spoofing Act is unconstitutional because it prohibits anonymous speech. PI Response at 10-11. However, the Defendants did not address the rationales of *Miller ACLU of Georgia v. Miller*, 977 F. Supp. 1228 (N.D. Ga. 1997) and *Jaynes v. Commonwealth of Virginia*, 666 S.E.2d 303 (Va. 2008),

*cert. denied* __ U.S. ___, 129 S. Ct. 1670 (2009), the key cases relied on by Plaintiffs (Memorandum of Law In Support of Motion for Summary Judgment at 8-9) because they thoroughly examine the First Amendment issues raised by modern electronic communications. Instead, the Defendants resort once again to invoking their own newly-created category of speech - "deceptive and misleading communications with little or no societal value" - and urge the Court "not [to] follow in those errant footsteps." PI Response at 11. An appeal to emotion based on non-existent constitutional categories of speech is no substitute for the legal analysis that is lacking in the Defendants' argument. Once again, the thinness of the Defendants' Opposition only serves to confirm that they are not entitled to summary judgment on their First Amendment claims.

    ii) **The Preemption and Commerce Clause Claims**

To demonstrate their entitlement to summary judgment on the preemption and Commerce Clause Claims, the Defendants rely on their original PI Response (at 12-16). Unfortunately, that discussion is confused and often addresses irrelevant points. It does not even begin to meet the standard for summary judgment on these claims.

Since that PI Response was filed, Plaintiffs have narrowed their legal arguments, and they demonstrated conclusively in their summary judgment filing that the Act is pre-empted by federal law and violates the Interstate Commerce Clause of the Constitution. Memorandum of Law In Support of Motion for Summary Judgment at 9-17. The Defendants will be responding to that motion today. Rather than waste the Court's time addressing the Defendants' months old and unfocused arguments in the PI Response, Plaintiffs will address in their reply to be filed in June whatever arguments the Defendants raise in their opposition on the preemption and Commerce Clause claims.

## CONCLUSION

For the foregoing reasons and those set forth in the Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment, the Court should deny Defendants' Motion, grant Plaintiffs' motion for summary judgment, and hold that the Caller ID Anti-Spoofing Act is both unconstitutional and preempted by federal law.

Respectfully submitted this 26th day of May, 2009.

                GRAYROBINSON, P.A.
                **Attorneys for Plaintiffs**
                401 East Las Olas Boulevard, Suite 1850
                Fort Lauderdale, Florida  33301
                Telephone : 954-761-8111
                Facsimile:  954-761-8112
                Email :  dalter@gray-robinson.com
                Email :  gresnick@gray-robinson.com
                Email :  frullan@gray-robinson.com

By: s/ Gary Resnick
      GARY I. RESNICK
      Florida Bar No. 54419
      DANIEL ALTER
      Florida Bar No. 033510
      FRANK L. RULLAN
      Florida Bar No. 150592

      Mark C. Del Bianco
      Co-Counsel for Plaintiffs
      Law Office of Mark C. Del Bianco
      3929 Washington Street
      Kensington, Maryland
      D.C. Bar No. 3424246
      Telephone:  (301) 933-7216
      Email:  mark@markdelbianco.com

      Professor Jonathan Askin
      Director, Brooklyn Law Incubator & Policy Clinic
      Brooklyn Law School
      One Boerum Place, Room 331
      Brooklyn, NY 11201
      NY Attorney Registration No. 2473437
      Of Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 26th day of May, 2009 with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served on all Defendants via transmission of Notices of Electronic Filing generated by CM/ECF.