UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-61664-CIV-MARTINEZ-BROWN

TELTECH SYSTEMS, INC., WONDERLAND
RENTALS, INC., and MEIR COHEN,

    Plaintiffs,

v.

BILL MCCOLLUM, in his official capacity as
Attorney General of the state of Florida,
MICHAEL J. SATZ, in his official capacity as
State Attorney for the 17th Judicial Circuit in
Broward County, Florida, and the State of
Florida,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court upon the motion to dismiss filed by Defendants Bill McCollum, in his official capacity as Attorney General of the State of Florida (the "Attorney General") and the State of Florida (D.E. No. 17).

### I. Factual and Procedural Background

On October 1, 2008, the "Caller ID Anti-Spoofing Act" (the "Act"), Fla. Stat. § 817.487, took effect, which made it unlawful to "enter or cause to be entered false information into a telephone caller identification system with the intent to deceive, defraud, or mislead the recipient of a call." (D.E. No. 1); Fla. Stat. § 817.487. Plaintiffs brought this complaint pursuant to 28 U.S.C. §§2201 and 2202, seeking a declaration that the Act was unconstitutional, both on its face and as applied to Plaintiffs and an injunction preventing its enforcement (D.E. No. 1).

Plaintiffs allege that the Act violates the First, Fifth, and Fourteenth Amendments and the Interstate Commerce Clause of the United States Constitution (D.E. No. 1).

On November 19, 2009, Plaintiffs filed an amended complaint, naming as Defendants Bill McCollum in his official capacity as Florida's Attorney General, Michael J. Satz, in his official capacity as State Attorney for the 17th Judicial Circuit in Broward County, Florida, and the State of Florida (D.E. No. 17). Defendants McCollum and the State of Florida have filed a motion to dismiss on the grounds that the action against Defendant Attorney General failed to state a claim upon which relief can be granted and the action against Defendant State of Florida is barred by the Eleventh Amendment to the United States Constitution (D.E. No. 17).

## II. Analysis

### A. Attorney General as Defendant

Defendants contend that the claim against Defendant McCollum as Attorney General should be dismissed for failure to state a claim upon which relief can be granted, because the Attorney General is not the enforcing officer of the Act and has neither taken, nor threatened to take, any action on the challenged portions of § 817.487 (D.E. No. 17). Plaintiffs assert that the claim against Defendant McCollum does state a claim upon which relief can be granted because Defendant McCollum as Attorney General is charged with enforcing the criminal statutes of the State of Florida, including § 817.487 (D.E. No. 25).

Under United States Supreme Court and Eleventh Circuit precedent, "when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule." *American Civil Liberties Union v. The Florida Bar,* 999 F.2d 1486, 1490 (11th Cir. 1993) (citing *Diamond v. Charles,* 476 U.S. 54, 64 (1986)). The issue presented before this Court is whether

Defendant McCollum, as Attorney General, is the official charged with enforcing § 817.487 of the Florida Criminal Code, and therefore a proper Defendant to a lawsuit challenging the statute's constitutionality.

In *ACLU v. The Florida Bar*, the Eleventh Circuit analyzed whether the Florida Bar and Judicial Qualifications Commission ("JQC") were the enforcement agencies of the Florida Code of Judicial Conduct, and thus proper defendants in a suit challenging its constitutionality. *Id.* at 1487-90. The court cited *Mobil Oil v. Att'y Gen. Of Virginia*, 940 F.2d 73 (4th Cir. 1991) and *Wilson v. Stocker*, 819 F.2d 943 (10th Cir. 1987) in support of its determination that "it is the state official designated to enforce [the rule of law in question] who is the proper defendant . . . ." *ACLU*, 999 F.2d at 1490 (citations omitted). Applying these cases to the issue before it, the Eleventh Circuit concluded that the Florida Bar and JQC were proper defendants. *Id.*

In *Mobil Oil*, the Fourth Circuit case cited by the Eleventh Circuit in analyzing this issue, the Fourth Circuit addressed whether the Virginia Attorney General was a proper defendant to a suit challenging the constitutionality of amendments to sections of the Virginia Code. The court held that "a dispute with a state suffices to create a dispute with the state's enforcement officer [the Attorney General of Virginia] sued in a representative capacity." *Mobil Oil*, 940 F.2d at 76 n.2. The Fourth Circuit views the state attorney general as an officer charged with enforcing state civil statutes.[1]

In *Wilson v. Stocker*, the Tenth Circuit case cited by the Eleventh Circuit in analyzing this

---

[1] In *Mobile Oil*, as in the case before this Court, the state attorney general argued that it was not a proper party because it had not yet enforced the statute in question. *Id.* at 76. The Fourth Circuit did not consider this factor to be determinative. *Id.* Further, as noted above, United States Supreme Court and Eleventh Circuit precedent do not require enforcement action by the state attorney general as a necessary antecedent to this Court's exercise of jurisdiction over the state attorney general. *ACLU*, 999 F.2d at 1490 (citing *Diamond*, 476 U.S. at 64).

issue, the Tenth Circuit discussed whether the Oklahoma Attorney General was a proper defendant in a suit disputing the constitutionality of a state criminal statute. The court concluded that the Oklahoma Attorney General was a proper defendant because "a plaintiff challenging the constitutionality of a state statute has a sufficiently adverse legal interest to a state enforcement officer sued in his representative capacity [as the Oklahoma Attorney General]." *Wilson*, 819 F.2d at 947. The Tenth Circuit considered the state attorney general to be an officer charged with enforcing state criminal statutes.[2]

In other contexts, the Eleventh Circuit has referred to the state attorney general as the chief law enforcement officer of the state. *See Doe v. Pryor*, 344 F.3d 1282, 1283 (11th Cir. 2003) ("the statute has been declared dead by the Alabama Attorney General, who as the chief law enforcement officer of the state ought to know"); s*ee also State of Florida v. Exxon Corp.*, 526 F.2d 266, 270 (5th Cir. 1976) ("it is the inescapable historic duty of the Attorney General, as the chief state legal officer, to institute, defend, or intervene in any litigation or quasijudicial administrative proceeding which he determines in his sound official discretion involves a legal matter of compelling public interest.").[3] The cases cited by Defendant for the contrary position hold only that the Attorney General is not obligated to intervene in cases where the constitutionality of a statute is challenged; they do not hold that the Attorney General should not be named as a defendant to such a case. *See, e.g., Mallory v. Harkness*, 923 F. Supp. 1546, 1553 (S.D. Fla. 1996).

---

[2] The Tenth Circuit did not consider the state attorney general's argument that "his office . . . ha[d] taken not action to enforce that statute against [the plaintiff]" to be determinative. *Id.* at 946-47.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Accordingly, under the law before this Court, Florida's Attorney General, as an officer charged with enforcing state statutes, is a proper defendant in a suit challenging the constitutionality of a state criminal statute. Thus, Plaintiffs have stated a claim upon which relief can be granted with respect to Defendant the Attorney General and dismissal of this Defendant is inappropriate.

**B.     Defendant the State of Florida**

Defendants the State of Florida and the Attorney General assert that the action against Defendant the State of Florida is barred by the Eleventh Amendment to the United States Constitution (D.E. No. 17). Plaintiffs consent to the dismissal of Defendant the State of Florida, provided that Defendant the Attorney General remains as a party to this suit (D.E. No. 25). Plaintiffs do not concede that the Eleventh Amendment to the United States Constitution bars this action (D.E. No. 25).

The Eleventh Amendment prohibits suits against states, absent their consent or a "clear legislative statement" of "Congress' intent to abrogate the States' immunity from suit." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (citation omitted). Defendant the State of Florida has not consented to this type of lawsuit or generally waived its Eleventh Amendment immunity (D.E. No. 12). Plaintiffs do no cite any clear legislative statement of Congress' intent to abrogate the Eleventh Amendment in this context (D.E. Nos. 1, 14, 15 and 25). Consequently, the Eleventh Amendment bars this suit against Defendant the State of Florida and dismissal of this Defendant is appropriate.

**ORDERED AND ADJUDGED** that

1. Defendants' motion to dismiss **(D.E. No. 17)** is **DENIED IN PART** and **GRANTED IN PART**. It is denied with respect to Defendant McCollum. It is granted with respect to

Defendant the State of Florida.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of June, 2009.

                                            JOSE E. MARTINEZ
                                            UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record